Joshua B. Simon (admitted *pro hac vice*)
Warren Haskel (admitted *pro hac vice*)
Dmitriy Tishyevich (SBN 275766)
Richard Diggs (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
rdiggs@mwe.com
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone:     +1 212 547 5400
Facsimile:     +1 212 547 5444

William P. Donovan, Jr. (SBN 155881)
**MCDERMOTT WILL & EMERY LLP**
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone:     +1 310 277 4110
Facsimile:     +1 310 277 4730

Attorneys for Defendant
CIGNA HEALTHCARE OF CALIFORNIA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALOOJAS, INC., | Case No. 3:22-cv-3270-CRB |
| Plaintiff, | **CIGNA HEALTHCARE OF CALIFORNIA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| vs. | |
| CIGNA HEALTHCARE OF CALIFORNIA, INC., | Date:          October 7, 2022 |
| Defendant. | Time:          10:00 a.m. |
| | Courtroom: 6 – 17th Floor |
| | Judge:        Hon. Charles R. Breyer |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## **TABLE OF CONTENTS**

INTRODUCTION AND RELEVANT FACTUAL BACKGROUND.....................................1

ARGUMENT ..................................................................................................................2

    I.      The FFCRA and CARES Act Claim (Count I) Should Be Dismissed .............2

    II.     The ERISA § 502(a)(1)(B) Claim (Count II) Should Be Dismissed ...............5

           A.      Saloojas Has Not Pled Assignments to Bring an ERISA § 502(a)(1)(B) Claim ......................................................................5

           B.      Saloojas Has Failed to Plead an ERISA § 502(a)(1)(B) Claim .............7

    III.    The RICO Claim (Count III) Should Be Dismissed .........................................8

           A.      Saloojas Has Not Pled Embezzlement ...................................................9

           B.      Saloojas Has Not Pled Mail/Wire Fraud, Let Alone Consistent with Rule 9(b) ......................................................................................9

           C.      Saloojas Has Not Pled RICO Proximate Cause ...................................12

            D.      Saloojas Has Not Pled a Person or an Association-in-Fact Enterprise ...........................................................................................13

    IV.    The State-Law Claims (Counts IV-VI) Should Be Dismissed ........................14

           A.      The Promissory Estoppel Claim (Count IV) Fails ...............................14

            B.      The Injunctive Relief Claim (Count V) Fails ......................................14

            C.      The Cal. Bus. Prof. § 17200 Claim (Count VI) Fails ..........................15

CONCLUSION.............................................................................................................15

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CIGNA'S MOTION TO DISMISS
CASE NO. 3:22-CV-3270

# TABLE OF AUTHORITIES

**Cases**                                                                                 **Page(s)**

*ABC Servs. Grp., Inc. v. United HealthCare Servs., Inc.*,
   2019 WL 4137624 (C.D. Cal. June 14, 2019) ........................................................15

*Abcarian v. Levine*,
   972 F.3d 1019 (9th Cir. 2020) .............................................................................8

*Alexander v. Sandoval*,
   532 U.S. 275 (2001)...........................................................................................3, 5

*Avanguard Surgery Ctr., LLC v. Cigna HealthCare of Cal., Inc.*,
   2020 WL 5095996 (C.D. Cal. Aug. 28, 2020)......................................................14

*Bridge v. Phoenix Bond & Indem. Co.*,
   553 U.S. 639 (2008)............................................................................................10

*Care First Surgical Ctr. V. ILWU-PMA Welfare Plan*,
   2014 WL 6603761 (C.D. Cal. July 28, 2014)..............................................3, 6, 12

*Cort v. Ash*,
   422 U.S. 66 (1975).............................................................................................3, 4

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ...............................................................................1

*Creative Care, Inc. v. Conn. Gen. Life Ins. Co.*,
   2017 WL 5635015 (C.D. Cal. July 5, 2017) ..........................................................6

*Diagnostic Affiliates of Ne. Hous., LLC v. United HealthCare Servs., Inc.*,
   2022 WL 214101 (S.D. Tex. Jan. 18, 2022) ..........................................................4

*Doe v. CVS Pharmacy, Inc.*,
   982 F.3d 1204 (9th Cir. 2020) ...............................................................................7

*Dual Diagnosis Treatment Ctr., Inc. v. Centene Corp.*,
   2021 WL 4072683 (C.D. Cal. Aug. 10, 2021)......................................................11

*Dual Diagnosis Treatment Ctr., Inc. v. Centene Corp.*,
   2021 WL 4464204 (C.D. Cal. May 7, 2021) ..................................................10, 11

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004) ....................................................................9, 10, 11

*Floyd v. Am. Honda Motor Co., Inc.*,
   966 F.3d 1027 (9th Cir. 2020) ...............................................................................6

McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*,
2011 WL 2748724 (N.D. Cal. July 13, 2011)..........................................................................7

*Franco v. Conn. Gen. Life Ins. Co.*,
818 F. Supp. 2d 792 (D.N.J. 2011), *rev'd in part on other grounds*, 647 F. App'x
76 (3d Cir. 2016)..........................................................................9

*Garcia v. Serv. Emps. Int'l Union*,
993 F.3d 757 (9th Cir. 2021) ..........................................................................6

*Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*,
805 F. App'x 530 (9th Cir. 2020) ..........................................................................8

*Hemi Grp., LLC v. City of N.Y., N.Y.*,
559 U.S. 1 (2010)..........................................................................12

*Hernandez v. Mesa*,
—U.S.—, 140 S. Ct. 735 (2020)..........................................................................3

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ..........................................................................15

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*,
555 U.S. 285 (2009)..........................................................................7

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
940 F.2d 397 (9th Cir. 1991) ..........................................................................9

*Lil' Man in the Boat, Inc. v. City & Cnty. of S.F.*,
5 F.4th 952 (9th Cir. 2021) ..........................................................................3

*Lutz v. CBRE Grp., Inc.*,
2013 WL 4102157 (S.D. Cal. Aug. 13, 2013) ..........................................................................14

*McGreevey v. PHH Mortg. Corp.*,
897 F.3d 1037 (9th Cir. 2018) ..........................................................................3

*Mehling v. N.Y. Life Ins. Co.*,
163 F. Supp. 2d 502 (E.D. Pa. 2001) ..........................................................................9

*Miller v. Yokohama Tire Corp.*,
358 F.3d 616 (9th Cir. 2004) ..........................................................................10

*Monterey Plaza Hotel Ltd. P'ship v. Local 483 of Hotel Emps. & Rest. Emps. Union,
AFL-CIO*,
215 F.3d 923 (9th Cir. 2000) ..........................................................................11

*Murphy Med. Assocs., LLC v. Cigna Health and Life Ins. Co.*,
2022 WL 743088 (D. Conn. Mar. 11, 2022) ..........................................................................*passim*

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Open MRI & Imaging of RP Vestibular Diag., P.A. v. Cigna Health & Life Ins. Co.*,
   2021 WL 2680153 (D.N.J. June 30, 2021) ............................................6, 8

*Open MRI & Imaging of RP Vestibular Diag., P.A. v. Cigna Health & Life Ins. Co.*,
   2022 WL 1567797 (D.N.J. May 18, 2022) ....................................................8

*Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*,
   2021 WL 1176677 (N.D. Cal. Mar. 29, 2021) .................................. *passim*

*Pac. Recovery Sols. v. United Behav. Health*,
   508 F. Supp. 3d 606 (N.D. Cal. 2020) ................................................12, 13

*Parks Sch. of Bus., Inc. v. Symington*,
   51 F.3d 1480 (9th Cir. 1995) ......................................................................3

*Reiten v. Blue Cross of Cal.*,
   2020 WL 1032371 (C.D. Cal. Jan. 23, 2020) ............................................7

*Rezner v. Bayerische Hypo-Und Vereinsbank AG*,
   630 F.3d 866 (9th Cir. 2010) ....................................................................12

*Saloojas, Inc. v. Aetna Health of Cal., Inc.*,
   2022 WL 2267786 (N.D. Cal. June 23, 2022) .....................................3, 4, 5

*Samaan v. Anthem Blue Cross Life & Health Ins. Co.*,
   2021 WL 2792307 (C.D. Cal. Mar. 10, 2021) ..........................................15

*Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.*,
   2018 WL 6332285 (C.D. Cal. Jan. 4, 2018) ..........................................7, 8

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) ....................................................................10

*Spinedex Physical Therapy USA Inc. v. United HealthCare of Ariz., Inc.*,
   770 F.3d 1282 (9th Cir. 2014) ....................................................................5

*TML Recovery, LLC v. Cigna Corp.*,
   2021 WL 5238575 (C.D. Cal. Mar. 29, 2021) .......................................6, 15

*TML Recovery, LLC v. Humana Inc.*,
   2019 WL 3208807 (C.D. Cal. Mar. 4, 2019) ..........................................14

*United InvestexUSA 7 Inc. v. Miller*,
   2021 WL 4816826 (C.D. Cal. Aug. 25, 2021) ..........................................10

*Univs. Rsch. Ass'n, Inc. v. Coutu*,
   450 U.S. 754 (1981) ....................................................................................4

*US Airways, Inc. v. McCutchen*,
   569 U.S. 88 (2013) ..................................................................................7, 8

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- iv -

*US Ecology, Inc. v. State of Cal.*,
   129 Cal. App. 4th 887 (2005) .................................................................14

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................15

*Wagh v. Metris Direct, Inc.*,
   363 F.3d 821 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft
   Corp.*, 486 F.3d 541 (9th Cir. 2007) .........................................................8

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
   903 F. Supp. 2d 880 (C.D. Cal. 2012) ............................................. *passim*

**Statutes**

18 U.S.C. § 1962(c) ....................................................................................13

29 U.S.C. § 1132(a)(1)(B) ..................................................................2, 5, 7, 8

Cal. Bus. & Prof. § 17200 ..................................................................1, 2, 14, 15

18 U.S.C. § 1964(c) .....................................................................................8

**Other Authorities**

45 C.F.R. § 182.20 ........................................................................................5

85 Fed. Reg. 71152 .......................................................................................5

Fed. R. Civ. P. 9(b) ................................................................................ *passim*

Fed. R. Civ. P. 12 .........................................................................................1

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CIGNA'S MOTION TO DISMISS
CASE NO. 3:22-CV-3270

1     Cigna Healthcare of California, Inc. ("Cigna") respectfully submits this memorandum of law

2 in support of its motion to dismiss Plaintiff's complaint, ECF No. 1.[1]

3                    **INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

4     Saloojas paints itself as a frontline COVID testing facility that only seeks to be "properly

5 reimbursed for its efforts to provide a public service in response to the COVID-19 public health

6 emergency." (Compl. ¶ 9(ii).)  In reality, however, Saloojas charged Cigna's plans exorbitant fees

7 for its out-of-network ("OON") claims for COVID tests and performed unnecessary services to

8 upcharge for those COVID tests—and then apparently expected Cigna to pay about ***$1,000 per claim***,

9 based in part on those unnecessary services.  (*See id.* at 23 (EOB showing that Saloojas billed Cigna

10 for five different CPT codes for one COVID test for a total of $1,090); *id.* at 22 (billing Cigna for

11 four CPT codes for $922 total).)

12     The federal government FAQs on which Saloojas relies (*id.* at 14 n.6) far more accurately

13 describe what Saloojas is doing: while "most providers have been pricing COVID-19 tests at

14 reasonable levels, generally consistent with reimbursement rates set by the Medicare program," other

15 providers—like Saloojas—"are using the public health emergency as an opportunity to impose

16 ***extraordinarily high charges***."[2]  Indeed, discovery would show that Saloojas billed for improper

17 services, did not post a cash price as required by the FFCRA, and charged exorbitant prices compared

18 to other providers—all to take advantage of a public health emergency to line its own pockets.

19     But Saloojas's complaint should not make it past the Rule 12 stage.  Saloojas brings a variety

20 of federal and state-law claims—under the FFCRA, the CARES Act, the Racketeer Influenced and

21 Corrupt Organizations ("RICO") Act, ERISA, for promissory estoppel, and under California

22 Business & Professions Code § 17200.  (*Id.* at 24-34.)  The unifying thread tying all these disparate

23 claims together is Saloojas's contention that Cigna engaged in "fraudulent and unlawful practices"

24 ───────────────────

25 [1] Unless otherwise noted, all emphasis has been added, and all citation, alterations, and internal
quotation marks have been omitted.  "Compl." refers to ECF No. 1.
26 [2] *See* https://www.cms.gov/files/document/faqs-part-44.pdf at 4 (cited at Compl. at 14 n.6).  The
Court may take judicial notice of this document, since Saloojas relies on it in the complaint.  Compl.
27 ¶ 56; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (proper to consider document
where "the contents of the document are alleged in a complaint, the document's authenticity is not in
28 question and there are no disputed issues as to the document's relevance.").

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

to underpay or deny OON claims for COVID testing.  (*See id.* ¶ 9(i).)  This inflammatory accusation is baseless.  As explained below, Saloojas does not identify a ***single false statement*** by Cigna—let alone with Rule 9(b) particularity.  And Saloojas's contention that it was somehow defrauded by Cigna is nonsensical.  Saloojas alleges that it ***knows*** how its OON claims for COVID tests are supposed to be paid under the statutes and that it even tried to "inform [Cigna]" of its allegedly "unlawful practices" (*id.* ¶¶ 8, 12-13), foreclosing any inference that Saloojas was misled.

In fact, stripped of inflammatory buzzwords, the complaint alleges nothing more than a garden-variety claims dispute between an OON provider and a payor.  Saloojas alleges that Cigna "mis-adjudicated almost every single Covid Testing claim" (*id.* ¶ 6), without explaining why Cigna had any obligation to pay Saloojas's upcharged claims at full billed charges, no questions asked.  It alleges that Cigna "den[ied] or underpa[id] claims for arbitrary reasons," without providing one example of such an arbitrary denial or explaining why it was arbitrary.  (*Id.* ¶ 15(i).)  And Saloojas alleges that Cigna made some "medical record requests" that violated the FFCRA's prohibition of "medical management requirements as a condition of coverage" without providing a single example of what Cigna had actually requested and why such requests were improper.  (*Id.* ¶¶ 40-41.)

All of Saloojas's claims should be dismissed.  The FFCRA and CARES Act claims (Count I) fail because those statutes do not provide a private cause of action, nor does Saloojas plead that it has met the reimbursement requirements of these statutes even if they did.  The ERISA § 502(a)(1)(B) claim (Count II) fails because Saloojas does not plead the terms of its assignment or identify ERISA plan terms Cigna breached.  The RICO claim (Count III) fails because Saloojas does not plausibly allege predicate acts, proximate causation, or association-in-fact enterprise.  The state-law claims (Counts IV-VI) fail because Saloojas does not plead a clear promise for the promissory estoppel claim, injunctive relief is not a freestanding claim, and Saloojas does not plausibly allege that Cigna's conduct was unfair, unlawful, or fraudulent under California Business and Professions Code § 17200.

## **ARGUMENT**

## I.    **The FFCRA and CARES Act Claim (Count I) Should Be Dismissed.**

Count I should be dismissed for a simple reason:  "the CARES Act does not provide an implied private right of action," as another judge found just a month ago in another case Saloojas

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

filed.  *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 2022 WL 2267786, at *5 (N.D. Cal. June 23, 2022) (Corley, J.); *accord Murphy Med. Assocs., LLC v. Cigna Health and Life Ins. Co.*, 2022 WL 743088, at *5-6 (D. Conn. Mar. 11, 2022) (same).  This Court should reach the same conclusion.

First, the CARES Act has no express right of action, as Saloojas already admitted.  2022 WL 2267786, at *3 ("[Saloojas] concedes that the CARES Act provides no express right of action for its testing reimbursement claim.").

Second, the CARES Act has no implied right of action either.  "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  As the Supreme Court explained, an overly expansive approach to implied rights raises separation-of-powers concerns and is disfavored, because "the court risks arrogating legislative power" if it recognizes new remedies that Congress itself did not create.  *See Hernandez v. Mesa*, —U.S.—, 140 S. Ct. 735, 741 (2020).  Thus, "before a private cause of action may be inferred from a statute, ***ineluctable inferences*** [must] arise from the Act to compel such a finding."  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (alteration in original); *Lil' Man in the Boat, Inc. v. City & Cnty. of S.F.*, 5 F.4th 952, 958 (9th Cir. 2021) ("***Clear and unambiguous*** terms are required for Congress to create new rights enforceable under an implied private right of action.").

To determine if an implied cause of action exists, courts "begin . . . with the text and structure" of the statute, *Alexander*, 532 U.S. at 288, guided by four factors from *Cort v. Ash*, 422 U.S. 66 (1975), as outlined below.  *See McGreevey v. PHH Mortg. Corp.*, 897 F.3d 1037, 1043-44 (9th Cir. 2018).  But of these factors, "statutory intent" is "determinative."  *See McGreevey*, 897 F.3d at 1044.  That is why although Judge Corley found that "three [*Cort*] factors" weighed in favor of an implied private remedy under the CARES Act, "the most important factor"—indication of legislative intent to create a private remedy—did not; she thus correctly found that the CARES Act does not have an implied private cause of action.  2022 WL 2267786, at *5.

Text and Structure.  As Judge Corley found, "the text and structure" of the CARES Act do not show congressional intent to create a private right of action for COVID-19 test providers like Plaintiff" because "the CARES Act creates rights and duties for ***providers***" (not payors); "Section

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

3202(a), the substantive basis for Plaintiff's claim, has no enforcement language"; and "Section 3202 only contemplates enforcement against providers, not against insurers who fail to reimburse providers." *Id.* at *4; *accord Murphy*, 2022 WL 743088, at *5 (finding an "absence of textual or structural support" to support an implied right of action under the CARES Act).

*Cort* Factors 1, 3, and 4.  Judge Corley held that these three factors favor an implied cause of action because:  the CARES Act "create[s] a federal right in favor of" Plaintiff ("the right to reimbursement at the posted cash price") (factor 1); such a remedy would be "consistent with the underlying purposes of the legislative scheme" (to "incentivize healthcare organizations to provide COVID-19 testing") (factor 3); and "a cause of action for diagnostic testing reimbursement . . . is not traditionally relegated to state law" (factor 4).  2022 WL 2267786, at *5.  Cigna respectfully disagrees.  OON providers like Saloojas often challenge alleged underpayments either through ERISA claims (for ERISA plans) or through state-law claims (for non-ERISA plans).  Here, in fact, Saloojas seeks to recover both through ERISA (Count II) and on state-law theories (Counts IV-VI).  There is no need to create a new federal remedy to that same end.  But in any event, "the fact that an enactment is designed to benefit a particular class does not end the inquiry; instead, it must also be asked whether **the language of the statute** [factor 2] indicates that Congress intended that it be enforced through private litigation."  *Univs. Rsch. Ass'n, Inc. v. Coutu*, 450 U.S. 754, 771 (1981).

*Cort* Factor 2.  There is no such indication here.  This factor—the "most important" one—asks "whether there is 'any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one.'"  *Aetna*, 2022 WL 2267786, at *5.  Judge Corley correctly found "no indication of implicit intent to create such a remedy, and [Saloojas] concedes there is no indication of explicit intent."  *Id.*; *accord Murphy*, 2022 WL 743088, at *5 (likewise finding nothing to suggest Congress intended to create "a privately enforceable remedy").  The lack of such intent is dispositive.

Judge Corley was also right to part ways with another court, which found that the CARES Act provides an implied right of action because "the administrative enforcement scheme cannot be said to evidence an intent to **deny** a private right of action."  *See Diagnostic Affiliates of Ne. Hous., LLC v. United HealthCare Servs., Inc.*, 2022 WL 214101, at *8 (S.D. Tex. Jan. 18, 2022).  That conclusion was incorrect because a private cause of action cannot be inferred from legislative silence;

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- 4 -

instead, "the judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right **but also** a private remedy."  *Alexander*, 532 U.S. at 286.  Because nothing in the CARES Act affirmatively shows that Congress intended to create not only a right but also a remedy, there is no basis to infer a private cause of action.  *See Aetna*, 2022 WL 2267786, at *5; *Murphy*, 2022 WL 743088, at *5.

Finally, Count I would fail on the merits anyway.  The statutory reimbursements are "contingent upon the provider making public the cash price for the test,"[3] which is "the charge that applies to an individual who pays cash (or cash equivalent) for a COVID-19 diagnostic test."  45 C.F.R. § 182.20.  Saloojas does not allege it posted the cash price that it charges individuals.  (Compl. ¶ 56.)  And in fact, Saloojas already admitted it did not always publish the cash price.  *Saloojas Inc. v. Aetna Health of Cal., Inc.*, Case No. 3:22-cv-1696-JSC, ECF No. 14, at 13 (Saloojas arguing that the statutes do not "provide a reimbursement calculation method for any period where the provider did not publish their cash price," and admitting that "this was the case at the Plaintiff for a period of time").  And last, to be entitled to reimbursement, the provider must either "hold or have submitted a CLIA [Clinical Laboratory Improvement Amendments] application necessary to obtain a CLIA certificate[.]"  85 Fed. Reg. 71152.  Saloojas alleges it "has all authorizations and/or approvals necessary" (Compl. ¶ 10), but it does not allege that it had the CLIA certificate (or submitted the application) during the relevant time.

## II.   The ERISA § 502(a)(1)(B) Claim (Count II) Should Be Dismissed.

### A.   Saloojas Has Not Pled Assignments to Bring an ERISA § 502(a)(1)(B) Claim.

Healthcare providers lack a right to sue under ERISA directly and they can only bring an ERISA action "derivatively, [by] relying on [their] patients' assignments of their benefits claims." *Spinedex Physical Therapy USA Inc. v. United HealthCare of Ariz., Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014).  Saloojas cannot maintain a derivative claim for ERISA benefits, however, because it has not alleged that it has valid assignments to bring such a claim.

Saloojas asserts that "many of the members" whose claims are at issue "executed assignment

---

[3] FAQs Part 43, Q11, *available at* https://www.cms.gov/files/document/FFCRA-Part-43-FAQs.pdf, cited at Compl. ¶ 35 & n.5.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

of benefits documents." (Compl. ¶ 65.) This boilerplate assertion will not do. A provider's ability to bring an ERISA claim "depends on whether the claims at issue are within the scope of the assignments," and "to determine the scope of the assignment, a court must look to the ***language*** of an ERISA assignment itself." *Creative Care, Inc. v. Conn. Gen. Life Ins. Co.*, 2017 WL 5635015, at *2 (C.D. Cal. July 5, 2017). Courts thus routinely dismiss where the provider fails to plead "the language of an ERISA assignment," because absent this language, courts "cannot properly determine the scope of the assigned claims." *Id.* at *3; *see also, e.g.*, *TML Recovery, LLC v. Cigna Corp.*, 2021 WL 5238575, at *3 (C.D. Cal. Mar. 29, 2021) (dismissing where providers "neither quoted language from the alleged assignments nor attached copies of agreements containing the assignments"); *Care First Surgical Ctr. V. ILWU-PMA Welfare Plan*, 2014 WL 6603761, at *10 (C.D. Cal. July 28, 2014) (alleging patients "assigned their benefits" to provider was insufficient to plead a valid assignment).

Saloojas tries to overcome this deficiency by contending that the FFCRA and the CARES Act "obviated the need for a provider to obtain a specific assignment" before bringing an ERISA claim. (Compl. ¶ 66.) But Saloojas cites no provision of the FFCRA or the CARES Act that would rewrite ERISA to allow providers to bring ERISA claims directly. (*See id.*) And other courts have required providers to plead their assignments as a prerequisite to challenging alleged underpayments for OON COVID tests. *See Open MRI & Imaging of RP Vestibular Diag., P.A. v. Cigna Health & Life Ins. Co.*, 2021 WL 2680153, at *1-2 (D.N.J. June 30, 2021) (dismissing for failure to plead assignment, "given that an assignment is the very basis of [plaintiff's] entitlement to sue"); *Murphy*, 2022 WL 743088, at *7 n.8 (finding that OON provider pled valid assignments, and thus declining to decide whether the CARES Act separately "confers standing on providers"). Absent clear indication in the statutory text that the FFCRA or the CARES Act in fact repealed ERISA standing requirements—and Saloojas points to none—the Court should not presume that these statutes impliedly repealed bedrock ERISA standing principles that have been in place for decades. *See Garcia v. Serv. Emps. Int'l Union*, 993 F.3d 757, 764 (9th Cir. 2021) ("The cardinal rule is that repeals by implication are not favored"); *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1035 (9th Cir. 2020) ("the legislature's intent to repeal a statute must be clear and manifest.").

//

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**B.      Saloojas Has Failed to Plead an ERISA § 502(a)(1)(B) Claim.**

Even if the Court finds that Saloojas has adequately pled assignments (and it should not), Count II should still be dismissed for failure to identify plan terms that Cigna allegedly violated.

A claim for ERISA benefits rises and falls with plan terms, because an ERISA plaintiff must demonstrate that he is entitled to "benefits due to him *under the terms of his plan*." 29 U.S.C. § 1132(a)(1)(B); *e.g.*, *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009) (an ERISA claim "stands or falls by the terms of the plan"). The Supreme Court has repeatedly held as much, explaining that "ERISA's principal function" is "to protect contractually defined benefits"—that is, benefits set forth in the plan—and ERISA's "statutory scheme, we have often noted, is built around reliance on the face of written plan documents." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100-01 (2013). "The plan, in short, is at the center of ERISA." *Id.* at 101.

It thus follows that a plaintiff who seeks "to recover benefits due to him under the terms of his plan," 29 U.S.C. § 1132(a)(1)(B), must first demonstrate that the terms of the plan *actually entitle* him to those benefits. And that is why courts in this circuit routinely dismiss ERISA § 502(a)(1)(B) claims where the plaintiff fails to identify plan terms that give rise to the alleged entitlement. *See, e.g.*, *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011) ("To state a claim under [Section 502(a)(1)(B)], a plaintiff must allege facts that establish the existence of an ERISA plan as well as the *provisions of the plan* that entitle [him] to benefits."); *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1213 (9th Cir. 2020) (affirming dismissal for failure "to identify a specific term in [plaintiffs'] health care plan that conferred the benefits they claim they were denied"); *Reiten v. Blue Cross of Cal.*, 2020 WL 1032371, at *2 (C.D. Cal. Jan. 23, 2020) (dismissing for failure "to identify a specific plan term that confers the benefit"); *Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.*, 2018 WL 6332285, at *3 (C.D. Cal. Jan. 4, 2018) (dismissing for failure to identify "the plan terms that allegedly entitle [plaintiff] to benefits").

Saloojas fails to make this showing. It asserts that "ERISA, the FFCRA and the CARES Act require the Employer Plans and Cigna to reimburse OON providers for Covid Testing Services in a specific manner." (Compl. ¶ 63.) But nowhere does Saloojas identify a single ERISA plan, let alone any provision in an ERISA plan that would obligate Cigna to pay the disputed claims beyond what

- 7 -

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Saloojas has already been paid.  Its ERISA § 502(a)(1)(B) claim should be dismissed accordingly. *See Simi Surgical*, 2018 WL 6332285, at \*3; *Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*, 805 F. App'x 530, 531 (9th Cir. 2020) (affirming *sua sponte* dismissal where the complaint did not identify "any plan terms that specify benefits that the defendants were obligated to pay but failed to pay").

Finally, the Court should not follow the finding of either *Murphy*, 2022 WL 743088, at \*8 or *Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v. Cigna Health & Life Insurance Co.*, 2022 WL 1567797, at \*6 (D.N.J. May 18, 2022), that the CARES Act and the FFCRA ***impliedly*** amended ERISA to require coverage for OON COVID tests.  To be sure, courts must apply ERISA plan terms "in accordance with the documents and instruments governing the plan insofar as they accord with the statute [*i.e.*, ERISA], § 1104(a)(1)(D)."  *McCutchen*, 569 U.S. at 101.  But as *Open MRI* acknowledged, the FFCRA and the CARES Act "do not explicitly amend ERISA," and they "do not explicitly announce themselves to be amendments to the ERISA statute."  2022 WL 1567797, at \*5.  And *Murphy* did not even address this legislative intent issue, simply concluding in one sentence instead that the statutes "effectively modified the terms of ERISA plans."  2022 WL 743088, at \*8.  Given the lack of any indications of legislative intent to amend ERISA through the FFCRA and the CARES Act, that is where the analysis should end.

### III.   The RICO Claim (Count III) Should Be Dismissed.

Saloojas brings a civil RICO 18 U.S.C. § 1964(c) claim based on two predicate acts: embezzlement and mail/wire fraud.  (Compl. ¶ 80.)  To plead this claim, "a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property."  *Abcarian v. Levine*, 972 F.3d 1019, 1028 (9th Cir. 2020).  As the Ninth Circuit instructed, courts should "strive to flush out frivolous RICO allegations at an early stage of the litigation," given its "quasi-criminal nature."  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 827 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007).  Saloojas fails to plead multiple elements of its RICO claim, and the Court should dismiss Count III accordingly.

//

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

### A.     Saloojas Has Not Pled Embezzlement.

The elements of embezzling plan assets are:  "(1) the unauthorized (2) taking or appropriation (3) of benefit plan funds (4) with specific criminal intent."  *Mehling v. N.Y. Life Ins. Co.*, 163 F. Supp. 2d 502, 508 (E.D. Pa. 2001).  None of these are satisfied here:  Saloojas does not allege that Cigna took plan funds without authorization, or that Cigna kept those funds, or that Cigna did so with specific criminal intent.  (*See* Compl. ¶¶ 80-81.)  Saloojas's inability to plead embezzlement is not surprising, given that its theory is that Cigna underpaid disputed claims from plan funds—***not*** that Cigna unlawfully diverted plan funds to its own use.  Courts routinely reject attempts to transform benefits disputes like this into a RICO embezzlement claim.  *See, e.g.*, *Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 828-29 (D.N.J. 2011) (dismissing embezzlement-based RICO claim based on allegations that Cigna's "improper reduction of payments on ONET [out-of-network] claims wrongfully converted assets from the CIGNA ERISA plans"), *rev'd in part on other grounds*, 647 F. App'x 76 (3d Cir. 2016); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 917 (C.D. Cal. 2012) (dismissing and declining to "open the door to an embezzlement claim every time a participant brought a run-of-the-mill action for nonpayment of benefits").

### B.     Saloojas Has Not Pled Mail/Wire Fraud, Let Alone Consistent with Rule 9(b).

"Rule 9(b) . . . applies to civil RICO fraud claims," *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004), and it requires a RICO plaintiff "to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).  The conduct Saloojas challenges as fraudulent is:  (1) Cigna allegedly "mis-adjudicat[ing]" Saloojas's claims, including by reducing payments by "co-pays or deductibles"; and (2) Cigna allegedly requesting "medical record[s]," which Saloojas dubs the "Improper Record Request Scheme."  (Compl. ¶¶ 6, 41-42, 47.) None of this comes close to alleging mail or wire fraud, let alone with Rule 9(b) particularity.

<u>Claim Misadjudication.</u>  Despite attaching several examples of Cigna's claim adjudication EOBs (Compl. at 20-23), Saloojas does not identify a single false statement in any of those EOBs—or any other false statements by Cigna.  Another provider recently tried to build a RICO mail and wire fraud case out of Cigna's alleged OON claim underpayments, with a similar lack of specifics.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

*Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*, 2021 WL 1176677 (N.D. Cal. Mar. 29, 2021) ("*PR Cigna*").  The court made short shrift of that attempt—holding that the provider's "allegations of mail and wire fraud **do not come close** to complying with Rule 9(b)" because "the Complaint lacks any specifics as to the who, what, when, where, and how of any particular fraudulent communication." *Id.* at \*10; *id.* (provider also failed to "identify any fraudulent statement within an EOB").  The same outcome should follow here, given that Saloojas has not identified **any** fraudulent communications by Cigna, much less with specificity Rule 9(b) requires.  *See Edwards*, 356 F.3d at 1065-66 (affirming dismissal of RICO fraud claim for failure to allege "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").

Next, having failed to identify any false statements by Cigna, Saloojas cannot allege that it (or anyone else) relied on those statements, which is another reason to dismiss.  *See Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 658 (2008) (while first-hand reliance is not required, plaintiff "of course" still has to show "that *someone* relied on the defendant's misrepresentation" because otherwise "plaintiff will not be able to establish even but-for [much less proximate] causation") (emphasis in original); *In re WellPoint*, 903 F. Supp. 2d at 915-16 (dismissing where members and providers failed to plead that they relied on payor misrepresentations about OON reimbursement amounts); *United InvestexUSA 7 Inc. v. Miller*, 2021 WL 4816826, at \*6 (C.D. Cal. Aug. 25, 2021) (dismissing for failure to "allege that someone relied on Defendants' misrepresentations.").

Finally, Saloojas's theory seems to be that if Cigna's claims reimbursement is inconsistent with the FFCRA and the CARES Act, Cigna must have acted fraudulently or misrepresented something.  Ninth Circuit precedent forecloses this theory, because fraud "cannot be predicated upon misrepresentations of law."  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 940 (9th Cir. 2006) (it is "well established" that "misrepresentations of the law are not actionable as fraud, including under the mail and wire fraud statutes.").  In a recent case, a provider similarly argued that a payor committed mail and wire fraud by misrepresenting "the terms of the relevant health insurance policies relating to coverage, eligibility, proof of loss, and patient cost sharing obligations."  *Dual Diagnosis Treatment Ctr., Inc. v. Centene Corp.*, 2021 WL 4464204, at \*4 (C.D. Cal. May 7, 2021).  The court dismissed the RICO claim, concluding that "these

- 10 -

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

alleged 'misrepresentations' appear to reflect disagreements about the interpretation of the relevant health insurance policies or the governing law," and that "even assuming Defendants were staking out an aggressive legal position about the parties' legal obligations, the mere communication of that position would not amount to mail or wire fraud." *Id.* at *5 (citing *Miller* and *Sosa*). Just so here: even if Cigna had incorrectly interpreted the FFCRA and the CARES Act in reimbursing Saloojas's claims (and it did not), that as a matter of law could not support a mail/wire fraud claim.

"<u>Improper Record Request Scheme.</u>"  Saloojas's second theory fails for an even more basic reason: a request for records to verify payment eligibility is not mail or wire fraud.  *See Dual Diagnosis Treatment Ctr., Inc. v. Centene Corp.*, 2021 WL 4072683, at *4 (C.D. Cal. Aug. 10, 2021) (dismissing provider's RICO claim based on payor allegedly making "unreasonable demands for voluminous records" before issuing payments, because "plaintiffs have not shown that demands for information to verify the propriety of payment pursuant to a voluntary commercial relationship—even demands perceived to be voluminous and unreasonable—constitute RICO predicates act[s]").

Even if this "scheme" could somehow be interpreted as mail fraud, Saloojas fails to plead it. Saloojas makes a one-sentence assertion that Cigna supposedly made "improper, irrelevant, and burdensome medical record request[s]," but it does not plead ***any*** of the specifics of this supposed "scheme"—nor does it explain why it was improper, let alone fraudulent.  (*See* Compl. ¶¶ 40-42.) Saloojas also does not allege that Cigna made any false statements in requesting these records (at all, let alone in compliance with Rule 9(b)), and Saloojas likewise fails to plead that anyone relied on any such alleged false statements.  Finally, it is hard to see how Saloojas could conceivably link its alleged injury (underpayments for OON COVID services) to this allegedly deceptive scheme, given that Cigna's record requests would have taken place ***after*** Saloojas decided to provide these services to Cigna's plan members.  This theory thus fails to plead mail/wire fraud.  *See Pac. Recovery*, 2021 WL 1176677, at *10; *Edwards*, 356 F.3d at 1065-66; *In re WellPoint*, 903 F. Supp. 2d at 915-16.

Finally, even if Cigna did misadjudicate any particular claim—which Cigna denies—Saloojas does not explain how that could amount to mail or wire fraud.  *See Monterey Plaza Hotel Ltd. P'ship v. Local 483 of Hotel Emps. & Rest. Emps. Union, AFL-CIO*, 215 F.3d 923, 926 (9th Cir. 2000) (affirming dismissal and explaining that the mail and wire fraud statutes are "designed to prevent

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- 11 -

*deceptive communications*" and "explicitly require an intent to obtain money or property . . . by means of false or fraudulent pretenses, representations, or promise.")  Saloojas's core theory here plainly is not that it was defrauded by anything that Cigna said or did.  Instead, Saloojas argues that it *knows* how its OON COVID claims are supposed to be paid (Compl. ¶¶ 12-13), and that it even tried to alert Cigna about these allegedly fraudulent practices.  (*Id.* ¶ 8 ("Plaintiff has incessantly attempted to contact . . . Cigna to inform it of its unlawful practices").)  Saloojas's disagreement with Cigna's reimbursements does not suffice to show fraud by Cigna, nor to show any intent by Cigna to obtain Saloojas's property through deception.  Having failed to plead any predicate acts (let alone a "pattern"), the RICO claim should be dismissed.

### C.     Saloojas Has Not Pled RICO Proximate Cause.

A civil RICO plaintiff must "show that the racketeering activity was both a but-for cause and a proximate cause of his injury."  *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010).  The Supreme Court has made clear that RICO's "reach is limited by the requirement of a *direct causal connection* between the predicate wrong and the harm."  *Hemi Grp., LLC v. City of N.Y., N.Y.*, 559 U.S. 1, 17-18 (2010).  Courts analyzing RICO claims based on allegations that a payor underpaid a provider's OON claims have held that providers cannot satisfy this requirement, because patients are the more direct victims of the allegedly wrongful conduct.  *See, e.g.*, *PR Cigna*, 2021 WL 1176677, at *7-8 (dismissing RICO claim against Cigna for this reason); *Pac. Recovery Sols. v. United Behav. Health*, 508 F. Supp. 3d 606, 617-19 (N.D. Cal. 2020) (same against United); *In re WellPoint*, 903 F. Supp. 2d at 903 (dismissing for failure to show that plaintiffs' "injuries were proximately caused by Defendants' alleged misconduct").

So too here.  Saloojas's alleged harm is the same as in the above cases—Saloojas alleges it was underpaid for OON claims.  *E.g.*, Compl. ¶ 9(ii) (alleging it was not "properly reimbursed"); *PR Cigna*, 2021 WL 1176677, at *2 (provider alleged that Cigna paid its OON claims at "reduced" rates).  Applying "the same factors that are applied to determine whether a plaintiff has antitrust standing," *PR Cigna*, 2021 WL 1176677, at *7, this injury is too remote to establish RICO proximate cause.

First, "there are more direct victims of the alleged wrongful conduct"—Cigna members.  *Id.* at *7-8.  By Saloojas' own allegations, members are the ones who are harmed by Cigna's alleged

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CIGNA'S MOTION TO DISMISS
CASE NO. 3:22-CV-3270

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

underpayments.  (Compl. ¶ 7 (alleging that Cigna "shifted financial responsibility . . . to the members of Cigna Plans"); *id.* ¶ 46 (alleging Cigna "shifted the payment responsibility to its insureds"); *id.* ¶ 50 (alleging that members were improperly charged for "co-pays and deductibles").)  As courts recognize, the alleged injury of OON providers in such cases is not sufficiently direct to bring a RICO claim because it is "derivative of their patients' injuries."  *PR Cigna*, 2021 WL 1176677, at *8; *see also United*, 481 F. Supp. 3d at 1026 (United's alleged underpayments for OON services "appear[] to have caused injury, first and foremost, to [the provider's] patients, because it increased the amounts that the patients owed to [the provider]"); *In re WellPoint*, 903 F. Supp. 2d at 902 (finding alleged harm to OON provider to be "derivative of the injury inflicted on the Subscribers," *i.e.*, the members).

Second, the fact that "it will be difficult to ascertain the amount of the plaintiff's damages attributable to defendant's wrongful conduct" and the court may "have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries" likewise weighs against standing. *PR Cigna*, 2021 WL 1176677, at *8; *see also id.* (noting that "it could be difficult for a court to ascertain and apportion damages"); *United*, 508 F. Supp. 3d at 616 (recognizing that patients "could also sue defendants" and that avoiding duplicative recovery "would require fact-intensive inquiries and calculations," which "weighs again" standing); *WellPoint*, 903 F. Supp. 2d at 903 ("potential for duplicative recovery weighs against standing.").  The same potential difficulties would arise here in apportioning Saloojas's alleged damages between Saloojas and its patients.

### D.      Saloojas Has Not Pled a Person or an Association-in-Fact Enterprise.

Saloojas alleges that it ***itself*** is a RICO "person" (Compl. ¶ 77)—which is nonsensical, because RICO makes it unlawful for a "person ***employed by or associated with any enterprise*** . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c).  And while Saloojas's allegations on the RICO enterprise are also unclear (*compare* Compl. ¶ 78 *with id.* ¶ 79), to the extent that Saloojas intends to plead that Cigna formed an association-in-fact enterprise with these unidentified plans, it must allege "(1) a common purpose of engaging in a course of conduct; (2) an ongoing organization, either formal or informal; and (3) evidence that the various associates function as a continuing unit." *PR Cigna*, 2021 WL 1176677, at *8.  Saloojas does not even try to plead any of these elements, let alone with well-pled

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

facts. (*See* Compl. ¶¶ 78-79.)  Nor could it, because the complaint at most describes a business relationship where Cigna administers claims for benefit plans (Compl. ¶ 6) and "courts have uniformly held that a routine commercial dealing is insufficient to establish RICO liability." *PR Cigna*, 2021 WL 1176677, at *8-9 (dismissing where OON provider alleged that Cigna and a third party "formed an enterprise to fraudulently underpay [OON] claims" as an improper "attempt to transform Defendants' commercial dealing into a RICO enterprise.").

## IV.     The State-Law Claims (Counts IV-VI) Should Be Dismissed.

Plaintiffs' three state-law claims—promissory estoppel (Count IV), injunctive relief (Count V), and California Business & Professions Code § 17200 (Count VI)—should all be dismissed.

### A.     The Promissory Estoppel Claim (Count IV) Fails.

Saloojas must allege a "promise [by Cigna] clear and unambiguous in its terms," on which Saloojas reasonably "reli[ed]" to its detriment. *US Ecology, Inc. v. State of Cal.*, 129 Cal. App. 4th 887, 901 (2005).  Saloojas fails to plead both these elements.  It does not allege ***any*** promise by Cigna; instead, Saloojas alleges that "Cigna undertook ***conduct*** that conveyed to Plaintiff that coverage for COVID testing would be afforded" but then allegedly "refused to issue proper reimbursements." (Compl. ¶ 84.)  But Saloojas does not explain what this "conduct" was, let alone how Cigna could have clearly and definitely promised to pay every one of its disputed claims for OON COVID testing in a particular way through that unspecified conduct.  And having failed to plead a promise, Saloojas cannot plead reasonable reliance on that promise.  Courts routinely dismiss similarly formulaic promissory estoppel claims. *See, e.g.*, *TML Recovery, LLC v. Humana Inc.*, 2019 WL 3208807, at *4 (C.D. Cal. Mar. 4, 2019) (dismissing claim by OON provider for failure to plead "the basic terms" of an alleged promise by payor to pay for OON claims, "like . . . the cost, or the time frame"); *Avanguard Surgery Ctr., LLC v. Cigna HealthCare of Cal., Inc.*, 2020 WL 5095996, at *3 (C.D. Cal. Aug. 28, 2020) (dismissing where claim was based on "vague representations" and did "not identify a promise that Cigna would reimburse Plaintiff for the amounts Plaintiff seeks").

### B.     The Injunctive Relief Claim (Count V) Fails.

Count V should be dismissed because "injunctive relief is a remedy, not a cause of action." *Lutz v. CBRE Grp., Inc.*, 2013 WL 4102157, at *9 (S.D. Cal. Aug. 13, 2013).

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.      The Cal. Bus. Prof. § 17200 Claim (Count VI) Fails.

The gist of Count VI is the same as the other counts—Saloojas contends that Cigna supposedly underpaid its claims for OON COVID tests, which Saloojas alleges was "unfair," "unlawful," and/or "fraudulent" under Section 17200.  (Compl. ¶¶ 98-100.)

Section 17200 claims grounded in fraud are subject to Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  This is true even "where fraud is not an essential element of a claim" but a plaintiff "choose[s] nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  Such is the case here.  (*See, e.g.*, Compl. ¶ 2 (alleging that Cigna engaged in "fraudulent conduct"); *id.* ¶ 102 (alleging, as part of the Section 17200 claim, that Cigna should be ordered to "stop misleading the public and engage in a corrective campaign").)  But as discussed in Sec. III.B, Saloojas has not alleged that Cigna falsely represented ***anything***—let alone the "who, what, when" that Rule 9(b) requires.  That is fatal to Saloojas's Section 17200 claim.  *See Samaan v. Anthem Blue Cross Life & Health Ins. Co.*, 2021 WL 2792307, at *8 (C.D. Cal. Mar. 10, 2021) (dismissing fraud-based Section 17200 claim for failure to "meet the heightened pleading standard" of Rule 9(b)).

Saloojas fails to plead a Section 17200 claim for other reasons as well.  The "unlawful" prong fails because Saloojas attempts to piggy-back on Cigna's alleged violations of the "CARES Act, RICO and the FFCRA" (Compl. ¶ 98), and it should be dismissed together with Saloojas's counts under those statutes.  *See TML Recovery*, 2021 WL 5238575, at *5 (dismissing Section 17200 claim that was "derivative of the other claims that are insufficiently pled").  And Saloojas fares no better under the "unfair" prong.  California courts apply "three possible tests for defining 'unfair'":  a "tethering test," a "balancing test," and a test incorporating "the definition of 'unfair' from the Federal Trade Commission Act."  *ABC Servs. Grp., Inc. v. United HealthCare Servs., Inc.*, 2019 WL 4137624, at *8 (C.D. Cal. June 14, 2019).  All three are fact-specific, but Saloojas has not pled facts that would allow the Court to apply them.  *See id.* (dismissing where OON providers alleged "no facts that would allow the Court to perform any of the three tests").

### CONCLUSION

For all the foregoing reasons, the Court should dismiss the complaint with prejudice.

- 15 -

Dated:   August 4, 2022                    Respectfully submitted,


                                           By:     */s/ Dmitriy Tishyevich*
                                                 JOSHUA B. SIMON (admitted *pro hac vice*)
                                                 WARREN HASKEL (admitted *pro hac vice*)
                                                 DMITRIY TISHYEVICH (SBN 275766)
                                                 RICHARD DIGGS (admitted *pro hac vice*)
                                                 **MCDERMOTT WILL & EMERY LLP**
                                                 jsimon@mwe.com
                                                 whaskel@mwe.com
                                                 dtishyevich@mwe.com
                                                 rdiggs@mwe.com
                                                 One Vanderbilt Avenue
                                                 New York, NY 10017-3852
                                                 Telephone:     +1 212 547 5400
                                                 Facsimile:     +1 212 547 5444

                                                 WILLIAM P. DONOVAN, JR (SBN 155881)
                                                 **MCDERMOTT WILL & EMERY LLP**
                                                 wdonovan@mwe.com
                                                 2049 Century Park East, Suite 3200
                                                 Los Angeles, CA 90067-3206
                                                 Telephone:     +1 310 277 4110
                                                 Facsimile:     +1 310 277 4730

                                                 Attorneys for Defendant Cigna HealthCare of
                                                 California, Inc.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CIGNA'S MOTION TO DISMISS
CASE NO. 3:22-CV-3270