IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOOJAS, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., <br><br>　　　　Defendant. | Case No. 22-cv-03270-CRB <br><br> **ORDER GRANTING MOTION TO DISMISS** |

Defendant Cigna Healthcare of California, Inc. ("Cigna") moves to dismiss Plaintiff Saloojas, Inc.'s ("Saloojas") amended complaint. For the second time, Plaintiff alleges that Cigna violated various federal and state laws by failing to reimburse Saloojas for COVID-19 testing services Saloojas provided to its patients. See, e.g., Am. Compl. (dkt. 34) ¶¶ 2–3. In its prior order, the Court dismissed without leave to amend Saloojas's claims for violation of the CARES Act and injunctive relief, and dismissed with leave to amend Saloojas's claims for violations of ERISA, RICO, promissory estoppel, and California's Unfair Competition Law ("UCL"). See Saloojas, Inc. v. Cigna Healthcare of Cal., Inc., No. 22-CV-03270-CRB, 2022 WL 5265141, at *9 (N.D. Cal. Oct. 6, 2022) [hereinafter Cigna I]. Plaintiff renews most claims in its amended complaint, alleging that Cigna violated Section 502(a)(1)(B) of ERISA, California UCL, and RICO, in addition to a new claim for engaging in Insurance Bad Faith and Fraud. See Am. Compl. ¶¶ 9–15.

Cigna again moves to dismiss. Mot. (dkt. 37). Finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), because Plaintiff fails to cure the deficiencies outlined in the Court's prior order, the Court GRANTS Cigna's motion to dismiss without leave to amend.

## I.  BACKGROUND

Saloojas, Inc. is a provider of COVID-19 diagnostic testing services. Am. Compl. ¶ 9. It brings this class action suit against Cigna, claiming that Cigna has failed to properly reimburse Saloojas for testing services it has provided to its patients. Am. Compl. ¶ 2. Saloojas has filed multiple complaints against other insurers in this district, including Aetna and Blue Shield, and motions to dismiss have been granted by Judge Corley and Judge Chesney.[1] In its amended and initial complaints, Saloojas claims that the CARES Act and California SB 510 entitle it to full reimbursement of the COVID-19 testing services it billed to Cigna, "without the imposition of cost-sharing, prior authorization, or other medical management requirements," and that Cigna "intentionally disregarded its obligations to comply with [those] requirements." Compare Compl. (dkt. 23) ¶¶ 12, 14, with Am. Compl. ¶ 13 (emphasis omitted). Saloojas further alleges that Cigna's "complex

---

[1] Saloojas, Inc. v. Aetna Health of Cal., Inc., No. 22-CV-01696-JSC, 2022 WL 2267786 (N.D. Cal. June 23, 2022), consists of five cases originally filed in small claims court and removed to the Northern District, all filed by the same plaintiff and lawyer in this case, but against Aetna. Judge Corley's dismissal in those cases has been appealed to the Ninth Circuit. Judge Corley also granted a motion to dismiss on an additional complaint filed by Saloojas against Aetna. Saloojas, Inc. v. Aetna Health of Cal., Inc., No. 22-CV-02887-JSC, 2022 WL 4775877 (N.D. Cal. Sept. 30, 2022). On October 3, 2022, Judge Chesney granted a motion to dismiss on another complaint against Blue Shield. Saloojas Inc. v. Blue Shield of Cal. Life & Health Ins. Co., No. 22-CV-03267-MMC, 2022 WL 4843071 (N.D. Cal. Oct. 3, 2022) [hereinafter Blue Shield I]. On January 9, 2023, Judge Chesney also granted a motion to dismiss on an additional complaint filed by Saloojas against Blue Shield that alleged the same claims as the amended complaint filed in this action against Cigna. Saloojas Inc. v. Blue Shield of Cal. Life & Health Ins. Co., No. 22-CV-03267-MMC, 2023 WL 122395 (N.D. Cal. Jan. 6, 2023) [hereinafter Blue Shield II].

processes and procedures . . . force Plaintiff into a paperwork war of attrition," turning "Cigna's internal administrative procedures into a kangaroo court." Am. Compl. ¶ 14. While it appears that Cigna has "in the past . . . paid a portion of the full posted Covid testing prices set by the Plaintiff," at some point in time Cigna ceased paying such prices. Id. ¶ 36.

In the amended complaint, Saloojas brings three of its original claims, Claim I (ERISA), Claim III (UCL), and Claim IV (RICO), and a new Claim II (Insurance Bad Faith and Fraud).

On October 26, 2022, Saloojas filed the amended class action complaint. Dkt. 34. Cigna moved to dismiss the amended complaint on November 28, 2022. Dkt. 37. Saloojas filed an opposition on December 9, 2022. Dkt. 39. On December 19, 2022, Cigna filed a reply. Dkt. 40.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory. Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Id. at 678. When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). To determine whether amendment would be futile, courts examine whether the complaint can be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296–97 (9th Cir. 1990).

**III.   DISCUSSION**

This order addresses Saloojas's claims in the following order, Claim I (Section 502(a)(1)(B) of ERISA), Claim II (Insurance Bad Faith and Fraud), Claim III (UCL), and Claim IV (RICO).

4

### A. Claim I: A Violation of Section 502(a)(1)(B) of ERISA

In its original complaint, Saloojas pleaded that "[m]any of the members of plans either insured or administered by Cigna who received Covid Testing services from Plaintiff executed assignment of benefits documents." Compl. ¶ 65. In its original order on Cigna's first motion to dismiss, the Court held that "Saloojas [could not] claim a violation of Section 502(a)(1)(B) of ERISA because it has not alleged a valid assignment." See Cigna I, 2022 WL 5265141, at *6. In the amended complaint, Saloojas repeated this pleading without stating what benefits it was specifically assigned, or any language indicating that their patients intended to transfer their ERISA benefits claims to Saloojas. Compare Compl. ¶ 65 ("[m]any of the members of plans either insured or administered by Cigna . . . executed assignment of benefits documents"), with Am. Compl. ¶ 52 ("[e]very patient of Saloojas execute[d] the assignment set forth above"); see also Blue Shield I, 2022 WL 4843071, at *1 ("[T]he document Saloojas submit[ted] with its opposition . . . does not suffice to constitute an assignment.") (internal quotation marks and citation omitted). Saloojas did not make any material changes to this ERISA claim or plead any other assignment language beyond the language Judge Chesney has already held to be insufficient. See Am. Compl. ¶¶ 51–64; Blue Shield I, 2022 WL 4843071, at *1. Thus, the Court dismisses this claim without leave to amend.[2] See Blue Shield II, 2023 WL 122395, at *2; see also Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A]lthough leave to amend should be given freely, a district court may

---

[2] Cigna argues in its briefing that "even if Saloojas had the right to bring ERISA benefits claims," it would be unsuccessful because Saloojas "fails to identify ERISA plans or [plan] terms that give rise to the benefits in dispute and that Cigna allegedly breached." Mot. at 2. Because the Court dismisses this claim on other grounds, it declines to address this additional argument.

dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

### B. Claim II: Insurance Bad Faith and Fraud

In Claim II—the only claim Saloojas pleads in its amended complaint that it did not plead in the original complaint—Saloojas alleges that "Cigna breached the covenant of good faith and faith dealing and also committed insurance fraud against each insured when it violated both the federal CARES ACT and California's SB 510 by not properly paying out of network providers for their rendered COVID testing services." Am. Compl. ¶ 73.

At the outset, this new claim exceeds the scope of leave to amend granted by the Court in its prior order. See Cigna I, 2022 WL 5265141, at *9 (giving Saloojas leave to amend claims for ERISA, RICO, promissory estoppel, and California UCL, but not to create new claims). Because the Court did not give Saloojas leave to amend this claim, it should be stricken, as Judge Chesney did when Saloojas raised a similar claim upon amendment in its action against Blue Shield. See Blue Shield II, 2023 WL 122395, at *2; see also Fed. R. Civ. P. 15(a)(2) (providing "a party may amend its pleading only with the opposing party's written consent or the court's leave"). Thus, this claim is stricken on this basis alone.

However, even if the claim did not exceed the scope of leave to amend previously granted, Saloojas nonetheless fails to state a claim for "insurance bad faith and fraud," which appears to (vaguely) plead claims sounding in contract and fraud. Such that Saloojas attempts to plead a breach of the covenant good faith and fair dealing, Saloojas is not a party to insurance contracts between its patients and their insurers; thus, Saloojas has

no standing to bring a claim for bad faith breach of an insurance contract. See Blue Shield II, 2023 WL 122395, at *2 ("Claims for bad faith violation of an insurance contract are strictly tied to an implied covenant of good faith and fair dealing, which arises out of an underlying contractual relationship." (quoting Gulf Ins. Co. v. TIG Ins. Co., 86 Cal. App. 4th 422, 430 (2001))). Such that Saloojas attempts to plead insurance fraud, the Court previously found that Saloojas "fails to explain the specific fraudulent conduct Cigna engaged in," as required by Federal Rule of Civil Procedure 9(b), and Saloojas continues to fail to do so in its amended complaint.[3] See Cigna I, 2022 WL 5265141, at *7.

### C.  Claim III: California UCL

In its prior order, the Court held that Saloojas had failed to plead a UCL claim "because it did not explain why [the defendant's] conduct was fraudulent," thus failing to satisfy Rule 9(b). Cigna I, 2022 WL 5265141, at *9. Saloojas did not materially alter its UCL allegations in the amended complaint "to allege the who, what, when, where, and how of the misconduct alleged," as instructed by the Court in its prior order. Id.; compare Compl. ¶ 2 (alleging that Cigna "unjustifiably engaged in unconscionable and fraudulent conduct"), and id. ¶ 99 (stating that Cigna engaged in "unfair" business acts or practices in part because of its "refusal to notify the general public of the true facts"), and id. ¶ 100 (stating that Cigna engaged in "fraudulent" business acts or practices because its practices "had a tendency and likelihood to deceive defendant Cigna's insured and the general

---

[3] Cigna also argues that Saloojas fails to show that Cigna "was guilty of more than a mere 'honest mistake, bad judgment or negligence'", and argues that Saloojas' state-law claims are preempted if they depend on "the terms of Cigna-administered ERISA" claims. Mot. at 3 (quoting Berns v. Sentry Select Ins. Co., 766 F. App'x 515, 517 (9th Cir. 2019)). The Court need not address these arguments because it strikes this claim on other grounds.

7

public"), with Am. Compl. ¶ 2 (stating that Cigna "unjustifiably engaged in unconscionable and fraudulent conduct"), and id. ¶ 82 (asserting that "Cigna's acts and practices . . . constitute acts of unfair business practice . . . [and] has engaged in an unlawful, unfair or fraudulent business act"), and id. (claiming that "Cigna . . . intentionally set up a scheme and plan to [misrepresent] to its insureds the application of SB 510."). Because Saloojas continues to fail to plead this claim with 9(b) particularity, the Court dismisses Saloojas's UCL claim without leave to amend.

### D. Claim IV: Violation of 18 U.S.C. § 1962(c) (RICO)

In its prior order, the Court similarly held that Saloojas had failed to plead a RICO claim because "the complaint clearly fail[ed] to plead predicate acts with 9(b) particularity." See Cigna I, 2022 WL 5265141, at *7.

Saloojas fails to make any material alterations to support a finding that Cigna has engaged in mail and wire fraud, or in a "pattern of racketeering activity." Compare Compl. ¶ 80 ("The pattern of racketeering activity under 18 U.S.C. § 1961(1) and (5) . . . includes Cigna's multiple, repeated, and continuous use of the mails and wires in furtherance of the Improper Record Request Scheme"), with Am. Compl. ¶ 93 ("The pattern of racketeering activity under 18 U.S.C. § 1961(1) and (5) . . . includes Cigna's multiple, repeated, and continuous use of the mails and wires"). Saloojas further fails to demonstrate how Cigna "administer[ed] and [conducted] or participated, directly or indirectly, in . . . self-funded health plans that" give rise to an embezzlement, racketeering, wire fraud, or mail fraud claim. Am. Compl. ¶¶ 92; see also id. ¶¶ 91, 93–94. This claim

is thus also dismissed without leave to amend.[4]

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Cigna's motion to dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: February 3, 2023



CHARLES R. BREYER
United States District Judge

---

[4] Cigna raises additional arguments on the merits of this claim, such as under California law, unfair business practices are not indictable offenses under RICO, and that Saloojas fails to show that it or its patients "relied on any allegedly fraudulent statements by Cigna." Mot. at 4. Cigna also argues that Saloojas "does not plausibly allege that Cigna took plan funds without authorization . . . [or] did so with specific criminal intent", and that Saloojas "fails to plead proximate causation . . . [or] a RICO person or an association-in-fact enterprise." Id. Because the Court dismisses this claim on other grounds, these arguments need not be addressed.